1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PINNACLE MARKETING GROUP, INC., | Case No. C17-05172 |
| Plaintiff, | **SECOND AMENDED COMPLAINT** |
| v. | |
| GOLIN/HARRIS INTERNATIONAL, INC., a Virginia corporation, THE INTERPUBLIC GROUP OF COMPANIES, INC., cka IPG MEDIA, a Delaware Corporation, CMGRP, INC., a New York corporation, and JOHN AND JANE DOES 1-4, | |
| Defendants. | |
| GOLIN/HARRIS INTERNATIONAL, INC., | |
| Counterclaimant | |
| v. | |
| PINNACLE MARKETING GROUP, INC., | |
| Counter-Defendant | |

Plaintiff Pinnacle Marketing Group, Inc. ("Pinnacle") alleges:

## I.  THE PARTIES

1.      Pinnacle is a Washington corporation with its principal place of business in Vancouver, Washington.

Page 1 – SECOND AMENDED COMPLAINT

**ELLIOTT,
OSTRANDER &
PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE:  (503) 224-7819
EMAIL: attorneys@eoplaw.com

1        2.      Defendant Golin/Harris International, Inc. ("Golin") is a Virginia corporation,

2   registered to do business in the State of Washington.  Defendant The Interpublic Group of Companies,

3   Inc., cka IPG Media ("IPG Media"), is a Delaware corporation that exercised control over Golin.

4   Defendant CMGRP, Inc., cka "Canvas Blue", is a New York corporation, registered to do business in

5   the State of Washington.  Defendant John and Jane Does are individuals that aided and abetted the

6   named Defendants.  Plaintiff has dismissed claims against Defendant Constituency Management

7   Group, although it was included in the caption and Superior Court action at the time of removal.

8                                **II. JURISDICTION AND VENUE**

9        3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332 based

10   upon complete diversity of citizenship between Plaintiff and Defendants.  The amount in controversy

11   exclusive of interest and costs exceeds $75,000.

12        4.      Venue is proper here pursuant to 28 U.S.C. section 1391 in that Defendants are subject

13   to personal jurisdiction in this District pursuant to 28 U.S.C. section 1391(c) or (d).

14                                     **III. FACTS**

15        5.      In the course of its business, Pinnacle secured a Marketing Services Contract (the "MS

16   Contract") with a large client (the "Client").  Golin wanted a marketing contract with the Client, but

17   said it could not work for the Client directly due to regulatory and other restrictions, including

18   conflicts of interest.

19        6.      Golin expressed interest and intent to enter into a formal partnership (merger) with

20   Pinnacle.  Additionally, because Golin was ready and available with needed additional resources to

21   perform the expanded marketing services covered in Pinnacle's MS Contract with the Client, Pinnacle

22   partnered with Golin to perform those services.  Pinnacle hired Golin to perform Digital/Social media

23   services on behalf of the Client, using Pinnacle's name and email accounts, as Pinnacle's

Page 2 – SECOND AMENDED COMPLAINT

**ELLIOTT,
OSTRANDER &
PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE:  (503) 224-7819
EMAIL: attorneys@eoplaw.com

1 subcontractor and agent (the "Pinnacle-Golin Subcontract").  Per the parties' agreement, all work was

2 to be performed as "Pinnacle", and all invoices for work performed were to be billed by Pinnacle, for

3 payment to Pinnacle.  Upon providing backup documentation, Golin was to receive a percentage of the

4 fees attributable to Golin's Digital/Social work, and Golin would receive no part of any other fees

5 (such as for Creative work, including graphics, video, photography, design, development and

6 production of digital assets) arising out of work with the Client.

7   7. As an inducement to partner on the MS Contract for the Client, Golin represented that it

8 could not, and would not, work for Pinnacle's Client directly, due to regulatory and other restrictions.

9 Golin never disclosed that it would explore or execute a "work-around" or circumvention in order to

10 work for the Client through channels outside of Pinnacle.  As a further inducement to enter the

11 Pinnacle-Golin Subcontract, Golin agreed at all times to present itself as Pinnacle and not as Golin,

12 and to use Pinnacle's email domain on all communications with the Client, so that services and

13 communications would always come from Pinnacle, and not Golin.  Golin's conduct, coupled with its

14 representations, conveyed its agreement that it would not solicit business from the Client, nor use its

15 proximity to the Client to establish its own business relationship with the Client and/or "poach" the

16 Client for its own profit or gain.  Upon commencement of Golin's work for Pinnacle's Client, Golin

17 also continued its merger discussions with Pinnacle, including requests for Pinnacle's financial and

18 other information, reasonably indicating that Golin was, in good faith, pursuing a more formal

19 partnership between Pinnacle and Golin.

20   8. While Golin was performing services for the Client as a subcontractor and agent of

21 Pinnacle, Golin solicited business for its own affiliated company CMGRP, Inc., commonly referred to

22 as "Canvas Blue," in direct competition with Pinnacle.  Upon information and belief, Golin directed its

23 employees to establish or utilize the "Canvas Blue" entity as an authorized direct vendor to the Client,

Page 3 – SECOND AMENDED COMPLAINT

ELLIOTT,
OSTRANDER &
PRESTON, P.C.

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE: (503) 224-7819
EMAIL: attorneys@eoplaw.com

1    while those employees were using Pinnacle's email domain "thepmgco.com" and acting as agents of

2    "Pinnacle."  In early 2016, Golin and CMGRP, Inc. established such a direct relationship with the

3    Client, and in July 2016, secured their own marketing contract with the Client.  Golin then terminated

4    the subcontract with Pinnacle, and performed the same services directly for the Client, through its

5    affiliate, Canvas Blue.  Because of Golin's actions, the Client has ceased doing any further business

6    with Pinnacle.

7                                      **IV. CLAIMS**

8                                  **First Claim for Relief**
                                   **(Fraud in the Inducement)**
9

10           9.        Pinnacle realleges paragraphs 1 through 8.

11           10.       Golin, together with the other Defendants, made the aforementioned

12   misrepresentations, or omitted to disclose material facts to Pinnacle, to induce Pinnacle to hire Golin

13   to work on projects under the MS Contract.

14           11.       Golin's representations were false.  Golin's omissions of fact misled Pinnacle.

15           12.       Pinnacle reasonably relied on the truth of the statements, and hired Golin to perform

16   work with the Client as its agent and subcontractor.

17           13.       Golin used its position as Pinnacle's agent and subcontractor to gain access to the

18   Client, to solicit business from the Client, and to establish a direct business relationship with the

19   Client, to the detriment of Pinnacle, thereby causing Pinnacle to suffer damages.

20                                 **Second Claim for Relief**
                                   **(Breach of Contract)**

21           14.       Pinnacle realleges paragraphs 1 through 13.

22           15.       Golin breached the Pinnacle-Golin Subcontract by soliciting the Client's business while

23   acting as Pinnacle's agent and subcontractor, thereby causing Pinnacle to suffer damages.

Page 4 – SECOND AMENDED COMPLAINT

**ELLIOTT,
OSTRANDER &
PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE: (503) 224-7819
EMAIL: attorneys@eoplaw.com

1

**Third Claim for Relief**
**(Interference with Contract / Prospective Economic Advantage)**

2

16.      Pinnacle realleges paragraphs 1 through 15.

3

17.      Golin, together with IPG Media and Canvas Blue, tortuously interfered with Pinnacle's

4

prospective economic advantage with the Client, and Pinnacle's contractual rights in the MS Contract,

5

thereby causing Pinnacle to suffer damages.

6

**Fourth Claim for Relief**
**(Breach of Fiduciary Duty of an Agent)**

7

8

18.      Pinnacle realleges paragraphs 1 through 17.

9

19.      As Pinnacle's agent, Golin owed Pinnacle a fiduciary duty of loyalty.

10

20.      Golin breached its fiduciary duty of loyalty, thereby causing Pinnacle to suffer

11

damages.

12

**Fifth Claim for Relief**
**(Breach of Fiduciary Duty of a Partner)**

13

14

21.      Pinnacle realleges paragraphs 1 through 20.

15

22.      Golin and Pinnacle partnered together to provide services to the Client under a limited

16

partnership agreement between Pinnacle and Golin.  Golin and Pinnacle were to provide the services

17

under Pinnacle's name, and to divide the revenues.  As such Golin owed a fiduciary duty of loyalty to

18

Pinnacle as a partner in the enterprise.

19

23.      Golin breached that duty of loyalty, thereby causing Pinnacle to suffer damages.

20

**Sixth Claim for Relief**
**(Unjust Enrichment; Constructive Trust)**

21

24.      Pinnacle realleges paragraphs 1 through 23.

22

25.      By their actions, Golin and / or the other Defendants have been unjustly enriched  such

23

that equity and good conscience require a constructive trust.  In addition to an award of its damages,

Page 5 – SECOND AMENDED COMPLAINT

**ELLIOTT,**
**OSTRANDER &**
**PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE: (503) 224-7819
EMAIL: attorneys@eoplaw.com

1    Pinnacle requests a constructive trust over funds inequitably received by Defendants from the Client.

2                                    **Seventh Claim for Relief**
                                      **(Declaratory Judgment)**
3

4        26.    Pinnacle realleges paragraphs 1 through 25.

5        27.    There exists an actual case and controversy of a justiciable nature between Pinnacle and

6    Golin over the terms and performance of the Pinnacle-Golin Subcontract, and the restitution and/or

7    damages due to Pinnacle on account of its breaches of the contract, breaches of fiduciary duty, and

8    tortious interference with the MS Contract.  Pinnacle requests a declaration setting forth the rights and

9    obligations of Pinnacle and Golin under the Pinnacle-Golin Subcontract.

10                                            *  *  *  *

11        WHEREFORE, Pinnacle Marketing Group, Inc. requests entry of judgment in its favor against

12   Defendants, and each of them, in a sum to be proven at trial, a constructive trust in its favor and

13   against Defendants, and each of them, and a declaration in Pinnacle's favor against Defendants,

14   together with its costs and disbursements incurred herein.

15        DATED this 20th day of April, 2017.

16                                    ELLIOTT, OSTRANDER & PRESTON, P.C.

17                                    By: /s/ John D. Ostrander
                                          John D. Ostrander, WSBA No. 19645
18                                        William A. Drew, WSBA No. 38697
                                          Of Attorneys for Pinnacle Marketing Group, Inc.
19

20

21

22

23

Page 6 – SECOND AMENDED COMPLAINT

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE: (503) 224-7112
FACSIMILE: (503) 224-7819
EMAIL: attorneys@eoplaw.com

1          CERTIFICATE OF SERVICE

2     I hereby certify that I served the attached SECOND AMENDED COMPLAINT on:

3                   Rebecca Francis
                   Tim Cunningham
4              Davis Wright Tremaine LLP
                  1201 3rd Ave Ste 2200
5             Seattle, WA  98101-3047
              Email: rebeccafrancis@dwt.com
6             Email:  timcunningham@dwt.com
                Of Attorneys for Defendants
7

8    [  ]   by mailing to said attorney(s) a full and correct copy therefor, contained in a sealed
           envelope, with postage paid, addressed to said attorney(s) as stated above and deposited
9           in the United States Post Office at Portland, Oregon.

10   [  ]   by hand delivering to said attorney(s) a true copy thereof.

11   [  ]   by faxing to said attorney(s) a true copy thereof.

12   [X]   by emailing to said attorney(s) a true copy thereof.

13   [X]   by electronic filing with the District Court's CM/ECF system.  The CM/ECF system
           generated Notice of Electronic Filing constitutes proof of service upon a Filing User in
14          accordance with Fed. R. Civ. P. 5(d).

15          Dated this 20th day of April, 2017

16                   ELLIOTT, OSTRANDER & PRESTON, P.C.

17

18          By  /s/ John D. Ostrander
                 John D. Ostrander, WSBA No. 19645
19               Attorney for Pinnacle Marketing Group, Inc.

20

21

22

23

Page 7 – SECOND AMENDED COMPLAINT

**ELLIOTT, OSTRANDER & PRESTON, P.C.**

UNION BANK TOWER
707 SW WASHINGTON STREET, SUITE 1500
PORTLAND, OR 97205
TELEPHONE:  (503) 224-7112
FACSIMILE:  (503) 224-7819
EMAIL: attorneys@eoplaw.com